CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 0 2 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JESSIE M. CASELLA,<br>                                     *Plaintiff,*<br><br>v.<br><br>MATT BORDERS, UNNAMED TOWN OF CULPEPER POLICE OFFICERS 1-100, SCOTT BARLOW, *and* TOWN OF CULPEPER POLICE DEPARTMENT,<br>                                     *Defendants.* | CIVIL NO. 3:09CV00019<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Motions to Dismiss filed by Defendants Town of Culpeper Police Department, Police Chief Scott Barlow, and the Unnamed Town of Culpeper Police Officers (docket no. 11) and Sergeant Matt Borders (docket no. 13), as well as Plaintiff Jessie Casella's Motions for Extension of Time (docket no. 27, 29). For the reasons stated below, each of the motions will be granted in a separate Order to follow.

## I. BACKGROUND[1]

Casella and her former boyfriend, Nathan Newhard, have filed separate actions against the Town of Culpeper Police Department ("Town") and several of its officers, including Police Chief Scott Barlow, Sergeant Matt Borders, and Unnamed Town of Culpeper Police Officers 1-100 ("Unnamed Officers"). According to Casella's Amended Complaint, which alleges violations of 42 U.S.C. § 1983 and intentional infliction of emotional distress, Newhard was arrested by a Town police officer in the early morning hours of March 30, 2008 and subsequently searched without a warrant "at some point" after the arrest. During the search of

---

[1] Except where otherwise noted, the facts recited here are derived from Casella's Amended Complaint (docket no. 2). As required in the analysis of dismissal motions, the alleged facts are assumed to be true. *See, e.g., Edwards*

Newhard's person, an Unnamed Officer discovered a cell phone, which Casella claims she lent to Newhard on or around February 1, 2008 "for his personal use." The Unnamed Officer allegedly opened the pictures folder of the cell phone, which contained multiple nude pictures of Casella and Newhard in "sexually compromising positions." Casella claims that the explicit pictures were eventually shared with Sergeant Matt Borders, who then allegedly alerted several additional Unnamed Officers, deputies, and members of the public "that the private pictures were available for their viewing and enjoyment." She also claims that several Unnamed Officers who were not in any way associated with Newhard's arrest, as well as an acquaintance unassociated with the police department, later viewed the pictures, causing her fear and anxiety over how widespread the transmission of the images had become.

As a result of the stress brought on by the incident, Casella claims that her relationship with Newhard ended and that she suffered from chronic sleeplessness, nightmares, weight fluctuations, depression, and anxiety. She also alleges that she sought medical treatment from a general medical practitioner, who prescribed her anti-depressants and ordered her to seek psychiatric counseling to cope with the effects of the incident.

Casella filed suit in this Court on March 23, 2009. On July 31st, the Defendants filed their Motions to Dismiss. Although the Pretrial Order (docket no. 15) required Casella to file response briefs by August 14th, she did not file her Memoranda in Opposition to the Defendants' Motions to Dismiss until August 18th. The Defendants timely filed rebuttal briefs, arguing in part that their Motions to Dismiss should be considered unopposed in light of Casella's violation of the Pretrial Order. In response, Casella filed Motions for Extension of Time, requesting that the Court consider her Memoranda in Opposition timely filed for good cause shown.

---

*v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

2

## II. MOTIONS FOR EXTENSION OF TIME

As summarized above, Casella filed her Memoranda in Opposition to the Defendants' Motions to Dismiss four days later than required under the Pretrial Order and later filed Motions for Extension of Time, requesting that the Court consider the Memoranda in Opposition as timely filed for good cause shown.

When an act must be done within a specified time, a court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Although Casella's response briefs were filed four days late, the Defendants were able to file their respective rebuttal briefs well before the hearing on the Motions to Dismiss – giving the Court ample time to assess the merits of each of the parties' arguments. Because Casella appears to have acted in good faith and her late filing has not prejudiced the Defendants or negatively impacted the judicial proceedings at this stage, her Motions for Extension of Time will be granted. I will consider the merits of her Memoranda in Opposition in disposing of the Motions to Dismiss.

## III. MOTIONS TO DISMISS

Casella alleges that the Town, Sergeant Borders, and the Unnamed Officers deprived her "of her federal Constitutional right to be free from the invasion of her privacy...under the Fourth Amendment," in violation of 42 U.S.C. § 1983.[2] She also alleges that the Town and Chief Barlow violated § 1983 by recklessly failing to adequately supervise, train, and discipline the Town police officers "regarding the inappropriate handling of third-party private cellular

---

[2] Section 1983 "is a federal statutory remedy available to those deprived of rights secured to them by the Constitution and, in a more sharply limited way, the statutory laws of the United States." *Phillips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "One alleging a violation of section 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)).

3

telephone content during a warrantless search and arrest procedure." As an initial matter, the Defendants contend that Casella lacks standing to sue on either of the alleged § 1983 counts. They also argue, in the alternative, that Casella's § 1983 counts should be dismissed because: (1) the Amended Complaint fails to allege any violation of Casella's privacy rights, (2) the Town cannot be vicariously liable for the officers' alleged conduct under the circumstances, and (3) the Town officers are entitled to qualified immunity.

A. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a

4

plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## B. STANDING

The Defendants first argue that Casella lacks standing to sue under § 1983 for a Fourth Amendment violation because she lacked an objectively reasonable expectation of privacy in the images stored on the cell phone. An individual must have a "legitimate expectation of privacy" to contest a search on Fourth Amendment grounds. *Rakas v. Illinois*, 439 U.S. 128, 143, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978). Whether an expectation of privacy is "legitimate" depends on two factors: (1) "whether the individual had a subjective expectation of privacy in the area searched," and (2) "whether that subjective expectation of privacy is objectively reasonable based on 'concepts of real or personal property law' or 'understandings that are recognized and permitted by society.'" *United States v. Mincey*, 321 Fed. Appx. 233, 239 (4th Cir. 2008) (quoting *Rakas*, 439 U.S. at 143, n. 12). To determine whether a person has a legitimate expectation of privacy in property held by another, as in Casella's situation, courts look at "whether that person claims an ownership or possessory interest in the property, and whether he has established a right or taken precautions to exclude others from the property." *United States v. Rusher*, 966 F.2d 868, 875 (4th Cir. 1992) (citing *Rawlings v. Kentucky*, 448 U.S. 98, 105-06, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (1980)).

Because Casella's subjective expectation of privacy in the images on the cell phone is not disputed, the only question is whether her expectation was "objectively reasonable" under the circumstances. Although Casella allegedly owned the cell phone, "[e]xpectations of privacy protected by the Fourth Amendment need not be based on a common-law interest in real or personal property, or on the invasion of such an interest." *Rakas*, 439 U.S. at 143, n. 12.

According to the Amended Complaint, Casella lent Newhard the phone almost *two months* prior to his arrest. She therefore lacked possession, control, and dominion over the phone, as well as the power to exclude others from accessing the information and pictures stored on the phone. The Amended Complaint fails to allege any protective measures that Casella took to secure the privacy of the images on the phone, such as password-protecting access to the phone's information or reaching an agreement with Newhard to keep the phone's information entirely private. Furthermore, the images could have been exposed to a variety of different parties without Casella's permission under a multitude of possible scenarios, including a police search of Newhard similar to the one alleged in the Amended Complaint. Given such possibilities, Casella's lack of possession and control over the phone for nearly two months, and Casella's failure to allege any precautions that she took to exclude others from accessing the cell phone, I cannot hold that Casella's expectation of privacy in the images on the phone was objectively reasonable. Accordingly, Casella lacks standing to sue under § 1983 for a Fourth Amendment violation. Counts II and III of the Amended Complaint will be dismissed.[3]

## C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Casella also alleges a state law claim of intentional infliction of emotional distress. A district court may decline to exercise supplemental jurisdiction over state law claims if it has

---

[3] Because standing is a threshold jurisdictional question, and "[w]ithout jurisdiction the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks omitted), the Court would normally be precluded from proceeding any further with the other potential grounds for dismissal identified by the Defendants. As discussed in the companion case *Newhard v. Borders et al.*, Civil No. 3:09CV00020 (W.D. Va. Sept. 2, 2009), however, the Plaintiffs appear to argue § 1983 violations on the basis of both the right to be free from unreasonable searches and seizures under the Fourth Amendment *and* a broader constitutional right to privacy. To the extent that Casella attempts to assert § 1983 claims on the basis of her constitutional right to privacy in addition to her Fourth Amendment right to be free from unreasonable searches and seizures, those claims should be dismissed for the same reasons set forth in *Newhard v. Borders et al.*, Civil No. 3:09CV00020 (W.D. Va. Sept. 2, 2009): the Town may not be held vicariously liable for the officers' alleged conduct under the circumstances, and Sergeant Borders and the Unnamed Officers are entitled to qualified immunity because their actions did not violate any "clearly established" right to privacy that Casella may have had in the cell phone pictures.

dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because Casella's § 1983 claims will be dismissed, I decline to exercise supplemental jurisdiction over her state law intentional infliction of emotional distress claim.

## IV. CONCLUSION

Under the alleged circumstances, Casella lacked an objectively reasonable expectation of privacy in the images stored on the cell phone possessed by Newhard. Accordingly, she lacks standing to sue under 42 U.S.C. § 1983 for a Fourth Amendment violation, and Counts II and III will be dismissed in a separate Order to follow. To the extent Casella attempts to assert claims based on a broader constitutional right to privacy, those claims should also be dismissed because the Town should not be held vicariously liable for the officers' alleged conduct, and Sergeant Borders and the other Unnamed Officers are entitled to qualified immunity. I decline to exercise supplemental jurisdiction over Casella's remaining state law claim for intentional infliction of emotional distress.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

It is so **ORDERED.**

Entered this 2nd day of September, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE